Argued November 26, affirmed December 10, 1973

HAMILTON, *Respondent, v.* HAMILTON
(No. 76776), *Appellant.*

516 P2d 486

*John D. Logan,* Salem, argued the cause and filed the brief for appellant.

*Thomas B. Brand,* Salem, argued the cause for respondent.

Before Schwab, Chief Judge, and Foley and Tanzer, Judges.

TANZER, J.

This is an appeal by the husband from a decree dissolving the marriage. Although there are no assignments of error, *see* Rule 6.20, he complains of the support and alimony provisions of the decree.

The parties, now in their late forties, married in 1947. Although physically restricted by polio since the age of 17, the wife bore four children and managed to do the housework with the aid of a walker or crutches. She used a wheelchair when she left the home. Several years before this proceeding, the husband left the home to live with another woman and has two children by her. He provided some support for the wife and children, but the wife finally filed this suit for economic reasons.

The husband earned $18,000 taxable income in 1971 or 1972 (the transcript is not specific) and took home about $725 per month at the time of the hearing. He was also heavily indebted to the Internal Revenue Service.

■ The court below awarded $50 support for the one child remaining in the home and $350 alimony. The wife also received the family home, subject to heavy encumbrance, and the personalty was divided. We see no reason in the record to reduce those awards.

There was an evidentiary hearing on January 3, 1973 which adjourned when counsel for the wife was to obtain some information about social security eligibility. Husband's counsel thought he would have another opportunity to introduce evidence, but the court and opposing counsel regarded the hearing as otherwise completed. When the court sent its letter opinion, but before the decree, husband's counsel moved

to allow additional evidence to be heard. The motion was supported by an affidavit of the husband dated April 24, one week after the opinion, stating that he was unable to make such payments because his indebtedness to the Internal Revenue Service was too great and because his income so far in 1973 was only $2,200.

■ If the husband's financial situation has altered significantly, that would be a material change in circumstances which can be presented to the trial court by motion for modification of the decree rather than by appeal.

Affirmed.