Argued July 17, reversed and remanded July 29, 1974

HOCKEMA, *Respondent, v.* HOCKEMA, *Appellant.*

524 P2d 1238

*Max S. Taggart, II,* Springfield, argued the cause for appellant. With him on the brief was Sanders, Lively & Wiswall, Springfield.

*Edward V. O'Reilly,* Eugene, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

This is an appeal in a divorce suit by the husband of a denial of his motion to modify the decree for support of his children and of his former wife based upon change of his circumstances.

This proceeding was initiated upon an order to the husband to show cause why he should not be held in contempt for failure to pay support during the period of his unemployment. He moved for a modification of the decree to reduce his support payments. The trial court denied both motions and the husband appeals. There is no appeal regarding the contempt.

■ The parties were married in 1950 and divorced in 1971. Two teenage children reside with the wife. At the time of the divorce, the husband earned $1,500 per month gross for $1,200 net pay plus expenses. The divorce decree ordered him to pay $150 per child and $200 for his wife each month for support. Thus, out of $1,200 take-home pay he was required to make a $500 support payment, leaving him $700 per month on which to live.

The situation of the parties had changed by 1974 when they found themselves back in court. Each had largely dissipated the savings and real property which had been divided between them by the divorce decree only a few years earlier, although both appear to retain equity interests in houses. The husband was

laid off his job in November of 1973 and lived on unemployment compensation of $76 per week plus savings. He obtained a new job on February 18, 1974. He made no support payments during his period of unemployment, but he paid the wife $225 out of his first paycheck of $381. Having been unable to find employment comparable to his former employment, the husband's pay is now $1,000 per month gross with a net of $760. There is some indication that he over-withholds slightly in order to receive a tax refund. The husband lists $522 in monthly living expenses and asserts that he is willing and able to pay $225 per month total support. The wife does not work. She claims to be unable due to undefined lingering disabilities from an automobile accident during the marriage. She is able to perform various tasks without discomfort and the husband testified that she is able to work part-time.

■ ■ The initial divorce decree, being final, is presumed to have been correctly formulated based upon the situation of the parties at the time and as contemplated. Among the factors considered in determining the amount of support were the parties' "earning capacities" and "financial conditions." ORS 107.105 (1) (c) (D) and (E). The amount of support is subject to modification by the court upon a sufficient showing of a change of circumstances in the husband's ability to pay support or in the wife's and children's necessity therefor. *Abraham v. Abraham,* 248 Or 163, 164, 432 P2d 797 (1967); *Hamilton v. Hamilton,* 15 Or App 587, 516 P2d 486 (1973). The reduction in the husband's take-home pay from $1,200 to $760 per month and the consequent reduction of the money available for his living expenses from $700 to $260

per month is a sufficient change of circumstance to require modification of the support order.

In this case, as in most, there is no way to decently support both former spouses and their two children on the husband's paycheck alone. Even under the original order, the wife and the children have had to endure hardships and embarrassments. Both parties have already depleted most of their savings.

■ The amount of support which the contributing spouse must pay must not exceed his or her ability to pay and preclude the ability to support oneself. Otherwise the order merely initiates an unending process of Oregon and interstate enforcement proceedings. If the obligated spouse has not sufficient income after payment of support to support himself or herself, then the order will shortly discourage that party from working, staying and paying. Retention of $260 per month is not an adequate incentive, even under the threat of contempt, to continue working to make a payment of $500.

We therefore order the decree modified to provide that the husband pay to his former wife $150 for her support and $125 for the support of each of the two children monthly, leaving him $360 per month for his needs, subject to modification upon a showing of change of circumstance.

We make no pretense that $400 is an adequate sum for the monthly support of the wife and the two children. The former award of $500 was insufficient, but now the husband cannot be reasonably expected to continue paying even that. Where the order obligates one spouse, here the husband, to pay support to the full extent of his ability, and where that sum is not sufficient to provide adequate support, then it

becomes necessary for the wife to look beyond her former husband to other resources for contribution to the support of herself and the children.

Reversed and remanded for entry of an order consistent with this opinion. Costs to neither party.