Argued July 22, affirmed August 2, reconsideration denied September 8, petition for review denied September 21, 1976

In the Matter of the Dissolution of the Marriage of
APLING, *Respondent,*
*and*
APLING, *Appellant.*
(No. 417-101, CA 5956)

552 P2d 567

*J. B. Smith,* Aloha, argued the cause and filed the brief for appellant.

*Ira L. Gottlieb,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

## LANGTRY, J.

Husband appeals from the money aspects of a marriage-dissolution decree. The parties were married in 1966 and have three children born in 1970, 1973 and 1975. The court's decree requires husband to pay $135 per month per child for support and to maintain health insurance and $3,333 life insurance on himself for each child as a beneficiary, and allowed a judgment in gross of $2,752 against husband for payment of creditors. Husband asserts that these requirements are excessive in view of his income. Additionally, husband contends that the court erred by considering the income of the lady with whom he was living (and whom he intends to marry) with her two children at the time the case was heard.

Husband's gross pay from his regular job was $12,207 per year and he earned an additional amount of approximately $110 per month on the average from a part-time job. His net income assertedly comes out at about $820 per month. Husband claims $342.50 per month as his living expenses. In determining the amount of support that husband should pay, the trial judge said:

"I would limit him to $325 a month * * *. That is what I am entitled to under Hamilton versus Hamilton, [15 Or App 587, 516 P2d 486 (1973)] and Hockema versus Hockema, [18 Or App 273, 524 P2d 1238 (1974)] * * *."

In *Hockema* we said:

"The amount of support which the contributing spouse must pay must not exceed his or her ability to pay and preclude the ability to support oneself * * *." 18 Or App at 276.

In *Hockema* the husband had $1,000 per month gross and a net of $760 per month. We modified the decree in that case to leave the husband with $360 per month for his needs subject to a modification on a showing of change of circumstances. The court's decree at bar would cost husband $405 per month child support and

leave him $415 per month for living expenses and service of his debts.

Wife in this case is employed at a job at which she is earning the most she can be expected to earn (about $120 per week gross from which has to come taxes and about $35 per week babysitting expense) and with the income from the support payments and by purchasing her groceries with the aid of food stamps she is barely able to maintain a decent living. The way the trial court figured the husband's income, without considering the income of his living companion, the decree comes within the limits we indicated in *Hockema.*

■ With reference to the other claimed error—that the court considered the income of husband's present living companion with whom he is sharing the expenses of his present home—if it were necessary to the decision of this case, we would be unwilling to say that there are no circumstances in which such financial considerations should not be considered. The mandate of ORS 107.105 is that the amount shall be such as is "just and proper." This means just and proper viewed in the light of the existing circumstances. However, it is unnecessary to inquire into all such particular circumstances in the instant case. As we have held above, the amount decreed was proper, considering only the husband's income and expenses.

Affirmed. Costs to neither party.