In the Matter of the Marriage of
MALEY, *Appellant,*
*and*
MALEY, *Respondent.*
(No. 32464, CA 6736)

560 P2d 309

Rollin B. Wood, McMinnville, argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Thornton and Johnson, Judges.

THORNTON, J.

JOHNSON, J., dissenting opinion.

## THORNTON, J.

The husband appeals from that portion of a dissolution decree which awards wife $400 per month permanent spousal support.

The parties, both 50 years of age at the time of the decree, had been married 32 years. Six children were born to the marriage, all of whom are now married and emancipated. Neither party enjoys good health. The husband is a mobile home repairman and his net salary is about $800 per month. The wife worked during the early years of the marriage in a succession of factories and restaurants but has not been employed for the past 13 years. She claims she is unable to work due to an injury to her arm and various nervous ailments. The extent of her physical disabilities was disputed.

The parties did not accumulate substantial holdings during their marriage. The trial court divided the assets, awarding the larger portion to the wife. The principal asset, proceeds from the sale of real property in the amount of $10,356.99, was divided equally and the husband assumed most of the outstanding obligations in the amount of $1,107.50 exclusive of an encumbrance on a 1973 pickup truck in which there was no equity. The wife also received the proceeds of a $2,600 promissory note which is expected to produce income for her of $50 per month for about seven years.

The wife testified that her monthly expenses would total $339 but that she now lives with her son and requires much less. The husband testified that his monthly expenses were $476.50. The discrepancy is largely attributable to an encumbrance on the 1973 pickup which requires payments of $121.43 per month. Obviously neither of the parties intends to live regally.

ORS 107.105(1)(c) provides statutory standards to be applied in determining the amount and duration of

spousal support in cases where spousal support is appropriate. ORS 107.105(1)(c) provides in part:

"* * * In making * * * [a] support order, the court shall consider the following matters:

"(A) The duration of the marriage;

"(B) The ages of the parties;

"(C) Their health and conditions;

"(D) Their work experience and earning capacities;

"(E) Their financial conditions, resources and property rights;

"(F) The provisions of the decree relating to custody of the minor children of the parties;

"(G) The ages, health and dependency conditions of the children of the parties, or either of them; and

"(H) Such other matters as the court shall deem relevant."

*See also, Kitson and Kitson,* 17 Or App 648, 523 P2d 575, Sup Ct *review denied* (1974).

We conclude that the award of permanent spousal support in the amount of one-half of the husband's net salary is excessive. Our conclusion stems from the following considerations and assumes that the wife will be unable to work, an assumption disputed in the record and which no specific finding supports:

(1) The wife received the bulk of the assets;

(2) The wife received, in the form of a $2,600, eight and one-half percent per annum promissory note, a $50 per month award for about seven years;

(3) The testimony establishes that the husband has more obligations and debts than the wife and therefore more living expenses;

(4) An award of 50 percent of the husband's net wage encourages support defaults, *see, Hockema v. Hockema,* 18 Or App 273, 524 P2d 1238 (1974);

(5) The general impression that, when spousal support alone is at issue, a person should be entitled to

more than one-half the product of the labor on which the support is based.

We find that an award of $250 per month spousal support, extending until the wife dies or remarries, adequately adjusts the equities between the parties and provides the wife, when taken together with the proceeds of the promissory note, a livable if lean circumstance.

Affirmed as modified. No costs to either party.

**JOHNSON, J.,** dissenting.

I cannot agree with some of the conclusions in the majority opinion. The trial court's award of $400 per month does not constitute half of the husband's net salary. The husband testified that he is required by his employer to travel most of the time and that he is reimbursed for his expenses including food and lodging. The wife did not receive the bulk of the assets. The principal asset of the estate was the proceeds from the sale of the real property which was divided equally. The only disproportionate element in the division was the award to the wife of a promissory note for $2,600. The crucial issue, however, concerns whether the wife is capable of seeking employment. The majority opinion states that this issue was disputed, but reaches no conclusion. The evidence is undisputed that the wife is 50 years old, has an 11th grade education, no teeth and is quite hard of hearing, if not deaf. The wife also complains of an injury to her arm and various nervous ailments. The injury resulted from an automobile accident and there was conflicting testimony concerning the extent of the disability. There was no medical testimony in all probability because neither party could afford it.

While the case is here on de novo review, this is a classic case where great weight should be given to the trial judge's opportunity to observe the witnesses. By seeing the witnesses first hand he had a greater opportunity to ascertain the extent of the wife's

disability. The effect of the majority opinion is to condemn to public welfare a woman who has been married for over 32 years and raised six children.

Considering the length of the marriage, the relative earning capacity of the parties and other circumstances, the lower court's decree should be affirmed.