Argued August 22, affirmed as modified September 19, 1977

In the Matter of the Marriage of
SITES, *Appellant,*
*and*
SITES, *Respondent.*
(No. 75-179-E-1, CA 7909)
568 P2d 712

Michael Strooband, Eugene, argued the cause for appellant. On the brief were Jerome F. Bischoff and Bailey, Doblie and Bruun, Eugene.

John L. DuBay, Medford, argued the cause for respondent. With him on the brief was Van Dyke & DuBay, Medford.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

TANZER, J.

## TANZER, J.

The former husband appeals from the property division and support provisions of a decree dissolving a nine-year marriage. The decree awarded custody of the couple's one minor child to husband and spousal support of $200 per month to wife for five years, divided the property into roughly equal portions, and ordered husband to assume nearly all the family debts of over $6,000. No child support was awarded. To equalize the property division, the trial court ordered the sale of the residence, in which the parties had an equity of approximately $19,000; wife was to receive $5,000 from the sale as well as half the remainder of the profits. Husband wants to retain the house and seeks a reduction in spousal support.

Husband and wife were 43 and 46 years old respectively at the time of the dissolution. Husband holds a steady job at which he earned over $16,000 in 1976. Wife has worked intermittently in the past few years and has limited job skills and experience, but she is presently employable. The decree awarded her a small rental house with an assessed valuation of $12,000, the mortgage on which has a negligible balance. The decree also awarded husband real property worth about $2,300 and an inheritance of uncertain but substantial value.[1]

We review the property division and support order de novo. *Newman v. Newman,* 8 Or App 220, 222, 493 P2d 71 *rev den* (1972); *Emery v. Emery,* 5 Or App 133, 136, 481 P2d 656 *rev den* (1971). Although the cases have set out a number of factors relevant to formulating an equitable division of property, *see, Ray v. Ray,* 11 Or App 246, 250-51, 502 P2d 397 (1972), each case must rest on its own facts, *Johnson v. Johnson,* 245 Or 10, 15, 419 P2d 28 (1966). Here, husband is assuming the responsibility of child support without contribu-

---

[1]The record is ambiguous as to whether husband's one-quarter share is $24,000 or whether that is the value of the entirety.

tion from the wife. Therefore, an even division of property is not appropriate. Rather, our goal is to provide the wife with sufficient means to begin a new life without impairing the husband's capacity to care for himself and the minor child, as well as the available resources allow.

All things being equal, the party receiving custody of the minor child or children should be awarded the family residence. Here the purpose of ordering the sale of the house was to equalize the property division. Because husband assumed custody of and financial responsibility for the child and will be required to pay nearly all the family debts, we award the house to husband subject to a $5,000 judgment in favor of wife, to be paid by husband within six months and enforceable by a lien on the house.

Our statutes contemplate a flexible approach to spousal support. ORS 107.105(1)(c) provides that a dissolution decree may require the support of a party "for such period of time as it may be just and equitable for the other party to contribute." It also specifies factors for the court to consider in making a support order; cases applying these standards to the duration of a support order are discussed in *Kitson and Kitson,* 17 Or App 648, 523 P2d 575 *rev den* (1974).

In this case, physical and mental difficulties have impeded wife's ability to work for the past several years, and she will need support for a short period of time until she recovers from minor physical ailments and the strains of an unsuccessful marriage. She is employable, however, and we believe that six more months of support at $200 per month is adequate to ease her transition to self-sufficiency, because husband has assumed almost all the financial obligations from the marriage and wife has a small but steady rental income in addition to the $5,000 lump sum payment from husband.

The decree below is modified to allow husband to retain the residence subject to a payment to wife of

$5,000 within six months and to terminate spousal support six months from entry of the new decree.

Affirmed as modified. No costs to either party.