Argued May 18, affirmed as modified August 1, 1978

In the Matter of the Marriage of
McCLELLAN, *Respondent,*
*and*
McCLELLAN, *Appellant.*
(No. 14685-E, CA 9793)
581 P2d 956

Gary J. Ebert, Ontario, argued the cause for appellant. With him on the brief was Yturri, Rose & Burnham, Ontario.

Stephen B. Fonda, Nyssa, argued the cause for respondent. With him on the brief was Henigson, Stunz & Fonda, Nyssa.

Before Thornton, Presiding Judge, and Tanzer and Buttler, Judges.

THORNTON, P. J.

## THORNTON, P. J.

Husband appeals from a dissolution decree of the trial court ordering him to pay $125 per month child support per child for two minor children and granting each parent one tax deduction for the children. Husband contends that the amount awarded by the trial court is inequitable given the respective ability of each party to pay for the children's support. He also assigns as error that portion of the decree allocating to wife the right to claim one of the parties' minor children as her dependent for state and federal income tax purposes.

Husband nets approximately $725 per month from his employment as a policeman for the City of Ontario and from part-time work as a night watchman.[1] Husband's living expenses, exclusive of child support, total about $485 per month. Wife nets approximately $660 per month as a teacher. She testified that her combined living expenses with the children were about $870 per month, of which $600 was attributable to the children. The trial court apparently concluded that the cost of maintaining the children was approximately $500, and divided that cost equally between the parties.[2]

■ It is always difficult in these cases to reach a result satisfactory to both parties and adequate to support the children, particularly where the parents' incomes are not substantial. The first priority is, of course, to make adequate provision for the children, *Slauson and Slauson,* 29 Or App 177, 183, 562 P2d 604 (1977). However, the amount of support contributed by a spouse must not exceed one's ability to pay and preclude the ability to support oneself. *Hockema v. Hockema,* 18 Or App 273, 276, 524 P2d 1238 (1974).

---

[1]This figure is based on calculations of net income with husband claiming deductions for both children. This would now be reduced by reason of the provision of the decree allocating one dependency credit to wife.

[2]This conclusion is implicit in the trial court's statements at the hearing on the dissolution.

Husband has substantially lowered his standard of living, and still will be unable to make full payment of support at the present rate. Wife and children, on the other hand, continue to receive, if we include the $250 per month support payments, a monthly income equal to the household income prior to dissolution. Wife did not commence working full time until after the couple's separation.

■ We conclude that the child support award should be decreased to $100 per month per child but that the allocation of one child each for purposes of state and federal income tax dependency credits should remain as fixed by the trial judge. *See,* Int Rev Code of 1954, § 152, as amended; ORS 316.007 and 316.012. This is an amount that the husband is capable of paying, and one that will still insure the children adequate maintenance.

Affirmed as modified. No costs to either party.

**TANZER, J.,** dissenting.

The principle we applied to property settlement agreements in *McCoy and McCoy,* 28 Or App 919, 562 P2d 207, 29 Or App 287, 563 P2d 738 (1977), and most recently stated in regard to attorney fees in dissolution cases, *Craig and Craig,* 30 Or App 419, 423, 567 P2d 141 (1977), is equally applicable to orders of support:

"* * * [T]he appellate court will refrain from modification of the decree unless persuaded the trial judge was clearly wrong. To engage in minor modifications tends to diminish the stability of circuit court decrees and encourage appeals in hopes the appellate court will make minor adjustments."

Where income is low, a modification on appeal involving only a few dollars can have substantial significance, *cf., Westby and Westby,* 30 Or App 431, 567 P2d 145 (1977). In this case, the litigants are of moderate income and the trial judge did a fair job of allocating the cost of supporting the children among the parents.

I cannot say that the trial court was wrong, let alone clearly wrong. Modification of support from $250 per month to $200 per month is an exercise of our authority to decide differently rather than our ability to decide better. I would affirm the decree.