Argued June 28, affirmed September 17, 1979

CUMMINS, et al,
*Respondents,*
*v.*
HARTLEY, et al,
*Appellants.*
(No. 72-241, E CA 12351)
600 P2d 463

Sam A. McKeen, Klamath Falls, argued the cause and filed the brief for appellants.

Quentin D. Steele, Portland, argued the cause and filed the brief for respondents.

Before Schwab, Chief Judge, and Thornton, Buttler and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

This is an appeal from a summary judgment in favor of plaintiffs on defendants' counterclaim for conversion.

Defendants Hartley, doing business as partners, sold three and a half quarter-mile irrigation wheel lines and four power movers to plaintiff Cummins on an open account. Cummins paid all but $974.60. He acquired possession of the irrigation equipment; the Hartleys did not perfect a security interest. Later, Cummins sold the wheel lines and movers to Steele.

Hartleys claimed that sometime prior to the sale of the wheel lines and movers by Cummins to Steele, they contracted orally with Cummins to repurchase one of the wheel lines and one of the power movers in consideration for their cancelling Cummins' debt. They also claimed that after the purported sale to Steele, Steele orally agreed either to purchase one wheel line and one mover from Hartleys for the amount still owing from Cummins or simply to pay the open account balance.

Plaintiffs denied Hartley's claim to ownership and right to possession and brought this declaratory judgment proceeding.[1] Defendants counterclaimed for conversion. Plaintiffs moved for summary judgment on defendants' counterclaim with supporting depositions and affidavits. Defendants did not controvert plaintiffs' evidence, nor did they present counter-affidavits. Their only response was a memorandum of counsel.

The trial judge granted the motion for summary judgment, noting that under either theory proposed by defendants, they could not succeed as a matter of law on a cause of action for conversion.[2]

---

[1] Mitchell, Lewis & Stover Co. is a defendant by reason of an assignment of the Cummins account to it.

[2] The trial court's order also decreed that Steele "is the sole and exclusive owner" of the equipment in issue and that "as a result thereof, the issue of the declaratory judgment is now moot and the suit for declaratory judgment is dismissed." No issue has been raised on this appeal about that peculiar disposition.

[189]

The defendants assign as error the trial judge's ruling that no genuine factual issues were raised in their counterclaim. They contend that inconsistencies in the plaintiffs' discovery depositions taken of the Hartleys left open the factual issue of the existence of an oral agreement with Cummins and that ownership of the wheel line and the mover remains in issue.

Although the defendants contend that those are issues of fact which should be resolved by a trial, they did not oppose "by affidavits or as otherwise provided" plaintiffs' motion for summary judgment. ORS 18.105(4) provides:

"*** When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue as to any material fact for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Their position is that plaintiffs' own supporting documentation shows the existence of fact issues. *See Seeborg v. General Motors Corporation*, 284 Or 695, 588 P2d 1100 (1978).

■  Review of the depositions of the Hartleys discloses that they were somewhat confused and uncertain as to what was the oral agreement with Cummins.[3] However, the existence of those inconsistencies of understanding between the Hartleys does not preclude a

---

[3] From Robert Hartley's deposition:

"Q.  Do you make some claim of ownership in this equipment?

"A.  Yes.

"Q.  What's the basis of that claim of ownership?

"A.  We owned one wheel line at the time the ranch was sold and that was to be returned to us by Mr. Cummins. That's one-quarter of a mile, four inch.

"Q  This was different than what he bought from you?

summary judgment for the plaintiffs, because even if the agreement did exist as defendants assert, it was not an enforceable contract. Summary judgment is appropriate if, disputed facts being considered in the light most favorable to the party opposing summary judgment, the moving party is still entitled to judgment as a matter of law. *Wilson v. Continental Group, Inc.*, 451 F Supp 1 (MDNC 1978); *see also, Soar v. N.F.L. Player's Association*, 438 F Supp 337 (1975), *aff'd* 550 F2d 1287 (1st Cir 1977).

■■ The alleged oral contract is covered by the UCC. There is no indication in the record that the parties had agreed on the identification of the particular goods to the contract as required by ORS 72.4010(1)

---

"A No, that was the same he bought from me. He didn't completely pay it, and he was going to return one wheel line for what he didn't pay.

"Q. Did he promise you that?

"A. Yes, he did.

" * * * * *

"Q. Now, on the account, did you credit him for that part at the time that he returned it?

"A. He did not return it.

"Q. And you did not credit him?

"A. No, I did not."

From Virginia Hartley's deposition:

[Cummins]

"A. He said he had no way of raising the money to finish paying for the wheel lines, and he thought that it was only fair, since he hadn't paid for all of them, if my husband would accept one in return for cancellation of the debt.

"Q. What did your husband say?

"A. He said, 'Fine, Bob, I'll work with you any way I can.' He had held this for him for over a year trying to help him.

"Q. Was there anything else said pertinent to this conversation that you can recall.

"A. That we'd come and pick them up as soon as the weather permitted. It was muddy.

and 72.5010(1).[4] Moreover, it is undisputed that the amount involved exceeded $500 and there was no writing evidencing the purported sale, so the agreement is barred by the UCC Statute of Frauds. ORS 72.2010(1). The purported agreement by Steele to assume Cummins' open account debt or to purchase the wheel line and the mover is likewise unenforceable. ORS 41.580(2); ORS 72.2010(1).

Affirmed.

---

"Q. And did you enter a cancellation or make any bookkeeping entry at all for the cancellation of that debt at that time?

"A. No.

"Q. And your claim then is that you at that time owned that quarter of mile of four inch wheel line plus the mover; is that correct?

"A. I would assume we owned it as soon as we picked it up.

"Q. Would you have had to have picked it up before you owned it?

"A. I do not know."

[4] In their answer the defendants referred to the subject matter of the alleged sale as "Two Rain King wheel line movers and one wheel line." Their amended answer referred to "Two Moorerane wheel line movers and one wheel line." In his deposition, Mr. Hartley referred to one wheel line and one mover.