Argued July 25, affirmed as
modified September 24, 1979

In the Matter of the Marriage of,
SLATSKY,
*Appellant,*
*and*
SLATSKY,
*Respondent.*
(No. 78-2465, CA 13243)
600 P2d 885

Therese Engelmann, Eugene, argued the cause and filed the brief for appellant.

David Brewer, Eugene, argued the cause for respondent. With him on the brief was Lombard, Gardner, Honsowetz, Johnson & Brewer, Eugene.

Before Schwab, Chief Judge, Lee, Gillette and Campbell, Judges.

LEE, J.

**LEE, J.**

In this dissolution of a 16-year marriage, the wife contends that the trial court erred in requiring that the home of the parties (a 35-acre farm) be sold and that the net proceeds be equally divided between the parties. Wife contends that this disposition of the farm was contrary to the best interests of the four children (boys 12, 9, 8 and 2) born of the marriage. Wife also appeals from the trial court's denial of attorney fees. We modify the decree to award the farm to the wife but deny attorney fees.

Husband, aged 39, is a professional "draper" who conceded that he has an earning capacity of $12,000 to $15,000 per year, provided that he follows his profession with the moving picture industry. Wife, aged 35, earned a college degree during the marriage but requires further schooling to become accredited as a teacher. Both parties enjoy good health. Both parties agree that the farm environment for the children is preferable to urban life. Husband was ordered to pay $150 per month child support for each of the children and $100 per month spousal support for five years. Comparison of the real property holdings of the parties is made difficult because there was no expert evidence of the present values.

The wife testified that the value of the farm had risen to $125,000 and that the equity was $105,300. There was no further testimony concerning the value of the farm, which was ordered sold.

The parties also own 30 acres, known as the "Lorane" property. The wife testified that the value of this property was $80,000 and that the equity was $49,000. The only other evidence of value was husband's testimony that the value was $60,000 and the equity $29,000. This property was also ordered sold.

The parties acquired a house known as the "Camas Swale" property. The parties agree that the value of the house was $25,000 and that the equity was

approximately $17,900. This property was awarded to wife.

The parties own a land sale contract in the face amount of $15,500, payable at $100 per month over the next 30 years, arising from the sale of "Culp Creek" property. This contract was awarded to husband.

Finally, husband owns a retirement account with cash surrender value of $3,500. No useful purpose would be served by itemizing the remaining personal property. Aside from the encumbrances on the real property, the only significant debt of the parties is a note for a personal loan with a $3,000 balance currently due.

The trial court decreed that the "Lorane property" and the "family farm" be sold as soon as practicable and the proceeds applied to payment of the encumbrances, the costs of sale, the $3,000 note, and that the parties "equally divide the balance." We find that a substantially equal division of the property can be achieved by a redistribution of the major assets so that the farm can be preserved as a home for the children.

■■ Minimum disruption in the lives of children of parents who have dissolved their marriage has long been an important factor in making a property division. In *Johnson v. Johnson*, 245 Or 10, 419 P2d 28 (1966), the husband contended that the wife and children should move to more modest housing accomodations. The court rejected that and stressed

"* * * the adverse effect a change in surroundings often has on children of tender years, and especially after they have so recently experienced the trauma of the separation of their parents." 245 Or at 16.

In *Sites and Sites*, 30 Or App 1013, 568 P2d 712 (1977), we said:

"All things being equal, the party receiving custody of the minor child or children should be awarded the family residence. * * *" 30 Or App at 1016.

The equities in the Lorane and Camas Swale properties, together with the proceeds of the Culp Creek land sale contract, total $82,400, as compared with the farm equity of $105,000. The retirement account is more than, but approximately equal to, the $3,000 note.

■ We agree with the trial court's denial of attorney fees.

We modify the decree by awarding the family farm to the wife. The Camas Swale property is awarded to the husband together with the Lorane property. Husband shall pay the $3,000 note and hold wife harmless on account thereof.

Affirmed as modified. No costs to either party.