Argued and submitted April 21, affirmed July 28, 1980

In the Matter of the Marriage of
ANNALA,
*Appellant,*
*and*
ANNALA,
*Respondent,*

(No. 379-683, CA 15818)

STATE ex rel
ANNALA,
*Respondent,*
*v.*
ANNALA,
*Appellant.*

(No. 379-683, CA 15818)

614 P2d 618

Elvin Tarlow, Portland, argued the cause and filed the brief for appellant.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

The background for this case is set out in *Annala and Annala,* 31 Or App 225, 570 P2d 109 (1977). There we upheld the trial court's determination that a substantial change in the father's circumstances had occurred and affirmed reduction of his monthly support payments to $175 per child.

This appeal arises from another modification hearing in which the trial court found that there had not been a showing of a change in the circumstances since the last hearing in 1977 sufficient to warrant suspension of child support payments. The court also found father in contempt for his failure to comply with the previous court order.

Father appeals, assigning as error:

1. The failure of the court to grant his motion for summary judgment on the motion for modification of support payments and the court's granting of mother's motion to strike the motion for summary judgment;[1]

2. The failure of the court to make specific findings of fact and conclusions of law on certain issues; and

3. The court's finding that father made an insufficient showing of change of circumstances to support modification of the 1977 order.

■ Father moved for summary judgment on the issue of suspension of support requested by his motion for modification. He relied on the pleadings and his affidavits to show that no genuine issue of fact existed and that he was unable to pay the support ordered or

---

[1] We note that the motion for summary judgment went only to the matter of suspension of child support payments, not to the charge of contempt. Furthermore, none of the assignments of error directly challenges the finding of guilt on the contempt charge.

any support. Mother's motion to strike the motion for summary judgment was allowed.[2]

■ Father was asserting a claim that his obligations to make child support payments should be modified by suspending them so long as he lacked the ability to pay. Although there are no reported Oregon cases involving summary judgments in domestic relations cases, we can see no special reason why the procedure should not be available in this sort of proceeding under ORCP 47 (former ORS 18.105). His argument, reduced to its essentials, is that the documentation supporting the motion showed that he could not pay any child support and still have the minimum support for himself to which he was entitled under *Hockema v. Hockema,* 18 Or App 273, 524 P2d 1238 (1974); *Appling and Appling,* 26 Or App 367, 552 P2d 567, *rev den* (1976); and *McClellan and McClellan,* 35 Or App 437, 581 P2d 956 (1978). Father asserts that in the absence of countervailing documentation, he was entitled to summary judgment.

That is, of course, a misunderstanding of the summary judgment procedure. The Supreme Court said in *Seeborg v. General Motors Corporation,* 284 Or 695, 699, 588 P2d 1100 (1978):

> "The moving party has the burden of showing that there are no genuine issues of material fact and that he or she is entitled to summary judgment as a matter of law. The record on summary judgment is viewed in the light most favorable to the party opposing the motion. *** This is true even as to those issues upon which the opposing party would have the trial burden. ***."

If the supporting documentation itself shows the existence of a triable issue of fact, then summary judgment should be denied. *Cummins v. Hartley,* 42 Or App 187, 600 P2d 463 (1979).

---

[2] Father argues that the motion to strike should not have been allowed *and* the motion for summary judgment should have been allowed. We deal only with the motion to strike. If the allowance of that motion were deemed to be a denial of the motion for summary judgment, it would not be appealable. *Hoy v. Jackson,* 26 Or App 895, 554 P2d 561, *rev den* (1976).

■ The trial court struck the motion on the ground that the procedure is inappropriate in a matter involving the modification of the support obligations in a dissolution decree. That was error.[3] That being so, however, leaves us with a situation where the striking of the motion led to there being a plenary hearing and a decision on the merits, just as if a summary judgment had been denied on the merits. The entire record is before us for *de novo* review, and the court's error was legally and equitably harmless.[4]

The evidence was that the financial conditions of the father, the mother and the children are substantially the same as they were at the time of the previous appeal. There was not shown to have been a substantial change in circumstances subsequent to the last modification. Father's and mother's situations have been and remain very bad, but his had begun to show a marked improvement from its nadir.

Affirmed. Costs to respondent.

---

[3] No objection to the form or content of the motion was raised.

[4] We have reviewed the documentation attached to the motion (as well as the later correcting supplementation) and the record made at the hearing. The documentation of business records was unaudited; at the trial the accountants who prepared them (as well as tax returns) testified, as did the parties. The hearing produced some clarifications of the documentary materials.