Argued and submitted May 21,
affirmed as modified July 28, 1980

In the Matter of the Marriage of
WATTERS,
*Appellant,*
*and*
WATTERS,
*Respondent.*

(No. 15-79-02173, CA 16273)

614 P2d 589

Argued and submitted May 21, 1980.

Donald A. Bick, Eugene, argued the cause for appellant. With him on the brief were Michael W. Doyle and Bick & Monte, P.C., Eugene.

R. Randall Taylor, Veneta, argued the cause for respondent. With him on the brief was Taylor and Taylor, Veneta.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

**WARDEN, J.**

The wife appeals from the dissolution of marriage decree. She assigns as error the provision in the decree suspending husband's obligation to make child support payments during the time husband is paying off the wife's lien against real property awarded to the husband. The lien is $80,000.

The husband claims that the wife is getting most of the family assets by the award of the $80,000 lien. The trial court apparently found the value of the real property to be as testified to by the witness Brunton, a real estate appraiser. Using Brunton's appraisals, the award of $80,000 to the wife was approximately half of these parties' interest in the property.

The decree requires monthly payments on the $80,000 lien of $811.20, including interest at the rate of 9% per annum. If paid at that rate, it will take husband 15 years to satisfy the lien. By that time the minor children will be 19 and 16 years of age. Wife argues that this is tantamount to requiring no child support of husband for 15 years and, instead, places the burden of supporting the children entirely on the wife. We agree.

The first priority in fashioning a decree of dissolution is to provide adequate support for the children. *McClellan and McClellan,* 35 Or App 437, 581 P2d 956 (1978); *Slauson and Slauson,* 29 Or App 177, 562 P2d 604 (1977). The husband testified on trial that $150 per month per child were fair sums for him to contribute to the children's support. The trial court ordered the husband to make contribution in those sums after paying off the wife's lien. The wife asks on appeal that we require husband to make payments of $150 per month per child beginning now. We find $150 per month per child to be fair and reasonable sums to require the husband to contribute for their support beginning now.

The amount of support contributed by the husband must not exceed his ability to pay or preclude his ability to support himself. *McClellan and McClellan, supra; Hockema v. Hockema,* 18 Or App 273, 524 P2d 1238 (1974). The evidence in this case shows the husband to have monthly take-home pay of $1447. If he is required to pay $300 per month as child support, in addition to the $811.20 per month payment on the wife's lien, he will be left with only $336.80 to support himself. We find that to be inadequate. Husband needs a reduction in the monthly lien payments to enable him to meet his child support obligation.

The decree of the trial court is modified as follows:

1. Husband is ordered to contribute the sum of $150 per month per child for the children's support commencing the 10th day of the month following entry of the decree as modified.

2. Husband is entitled to claim the children as dependents for income tax purposes.

3. Husband is required to pay not less than $600 monthly on the wife's lien of $80,000, which shall apply first to interest, the first of such payments to be made on the 10th day of the month following entry of the decree as modified, with the principal balance of said lien to be paid in full on or before 20 years from the date of entry of the decree as modified.[1]

Affirmed as modified; no costs to either party.

---

[1] We compute interest at 9% per annum on $80,000 to yield $600 per month.