Argued and submitted February 23,
affirmed as modified April 20, 1981

In the Matter of the Marriage of

VANDERZANDEN,
*Respondent,*
*and*
VANDERZANDEN,
*Appellant.*

(No. D16,010, CA 18842)

627 P2d 18

David L. Rich, Hillsboro, argued the cause and filed the brief for appellant.

Bernard B. Brink, Hillsboro, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

In this dissolution proceeding husband contends that the trial court erred in requiring him to pay wife an unjust amount for child and spousal support and in granting him a judgment lien on the family home awarded to wife rather than requiring that the property be sold and the proceeds divided. We affirm the decree as modified herein.

Husband, age 48, and wife, age 44, were married for 24 years. Eight children were born of the union, five of whom, ranging in age from 5 to 20, still live at home.

Husband works for the Oregon State Highway Department as a maintenance man, receiving $1,263 gross ($833.19 net) pay per month, plus $25 per diem when traveling for the Department. Per diem averages $58.36 per month. Wife is unemployed, has no job skills and presently receives $799 per month in public welfare assistance and food stamps.

The trial court awarded wife permanent spousal support beginning at $75 per month for five years, increasing to $100 per month thereafter. Custody of the minor children was awarded to wife, together with child support of $75 per month per minor child.

The personal property was divided as the parties requested. Of the remaining marital assets, husband was awarded his retirement benefits having a cash surrender value of $11,311.61, and wife was awarded the family residence having a fair market value of $56,000, subject to a judgment lien in favor of husband in the principal amount of $28,000, with 9% interest per annum. Under the decree, the principal amount of the judgment is not due until wife's death, sale or refinancing of the residence, or six months after husband's child support obligation expires, but interest is due annually on May 1.

■ Husband first argues that the support awards are not "just and proper" because they would take more than 50 percent of his disposable income if the 20 year old goes to college. The contention overlooks the fact that wife must support at least five persons, whereas husband need support only himself. *See Watters and Watters,* 47 Or App 483, 614 P2d 589 (1980); *Hockema and Hockema,* 18 Or App

273, 524 P2d 1238 (1974). Husband has no other dependents, and the support awarded does not even prevent the children from becoming public charges. *See Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981). In the *Smith* case, the court adopted a formula for determining what portion of child support should be borne by the noncustodial parent and what portion by the parent having custody. Use of that formula requires that each parent have income. Here, wife was unemployed at the time of the hearing, so the *Smith* formula is inapplicable.[1] However, underlying the formula is the requirement that the needs of the children be determined, and that determination is relevant in all cases.

■ However, where there is insufficient income to take care of the basic needs, as here, there would be little purpose in developing an elaborate record as to those needs. Wife's affidavit setting forth her monthly expenses for herself and the five children still at home indicates her average monthly expense per person is $136. The figure is not precise because it usually costs more to feed and clothe the older children than it does the younger ones. Wife testified that it takes $100 per month "to feed, clothe and provide for" each of the children. Accordingly, we conclude that the record is sufficient to permit a determination of child support, and the award of $75 per month per child is just and proper in this case.

■ In this case, husband's earnings potential greatly exceeds that of wife. Although we concede the support obligation is a heavy one, the only way we could justify reducing it here would be to consider the amount of assistance wife receives from welfare as income to her. To do so, however, would be to permit husband to shift his duty of support to the public. Husband may not shuck that responsibility so easily.

---

[1] The Supreme Court in *Smith* stated:

"* * * The cases which are appealed are, with some exceptions, those in which the parties' incomes or assets, or both, are large enough to allow some flexibility in the award of child support without depriving either party of the basic necessities of life. The holding in this case applies to such situations. [Footnote omitted.]" 290 Or at 678-79.

The record here does not suggest that wife is not working as a mere matter of choice.

■ Husband next argues that, in determining the amount of support, the trial court erroneously assumed that husband could claim the minor children as dependents for federal income tax purposes. Because there may be some question as to whether husband could validly claim the minor children as dependents and receive the benefit of IRC § 151(a)[2] dependency deductions unless the decree explicitly provides that he be entitled to do so, IRC § 152(e)(2)(A),[3] paragraph 2 of the decree is modified by adding the following sentence: "Respondent shall be entitled to any deduction allowable under IRC § 151 for the minor children."

■ Finally, husband contends that by awarding the family residence to the wife subject to his lien rather than requiring the sale of the property and equal division of the proceeds, the trial court has imposed too great a financial interrelationship on the parties. However, wife needs the home to raise and care for five children; it was properly awarded to her. *Slatsky and Slatsky,* 42 Or App 281, 600 P2d 885 (1979). The problem we see with the trial court's disposition is in that part of the decree requiring wife to make annual interest payments even while she is dependent on public assistance. It seems highly probable to us that unless circumstances change quickly, wife will be in default, permitting husband to levy execution, at least for the interest due and unpaid. If that occurs, and the residence is sold, nothing has been accomplished in awarding the property to wife. Although wife has not cross-appealed,

---

[2] IRC § 151(a) provides:

"(a) ALLOWANCE OF DEDUCTIONS. — In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income."

[3] IRC § 152(e)(2)(A) provide:

"(2) SPECIAL RULE — The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if —

"(A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and

"(ii) such parent not having custody provides at least $600 for the support of such child during the calendar year * * *."

she contends that requiring her to make annual, or any, interest payments is inappropriate, particularly in view of the fact that husband is entitled to retain all of his retirement benefits.

Under all of the circumstances, we conclude that the decree should also be modified to eliminate wife's obligation to pay interest on the judgment on May 1 of each year, and, in lieu thereof, provide that the interest shall accrue until such time as wife is required to pay the principal amount of the judgment, at which time both principal and accrued interest shall be due and owing.

Affirmed as modified. Costs to respondent.