Argued and submitted June 20, affirmed as modified October 12, 1983

In the Matter of the Marriage of

HUGHES,
*Respondent,*
*and*
HUGHES,
*Appellant.*

(80-9-97; A26350)

670 P2d 630

────────────

Constance C. Jarvis, Portland, argued the cause and filed the brief for appellant.

Steven H. Hughes, Hillsboro, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

### VAN HOOMISSEN, J.

Wife appeals from a dissolution decree. She contends that the court erred in reducing its original child support award. After the April, 1982, dissolution trial, the court orally ordered husband to pay wife $200 monthly for the support of each of the parties' children and $100 monthly permanent spousal support. On husband's motion for reconsideration,[1] the court reduced child support to $100 monthly per child and entered the decree.

The parties, both in their late thirties, were married 13 years and have four children, ranging in age from 2 to 10. Husband is an attorney in private practice. In 1981, his income after taxes was $1,460 monthly. Wife, a teacher, has worked sporadically over the past few years. In 1981, her income was about $350 monthly.

In addition to child and spousal support, the decree requires that husband maintain his existing life insurance for the benefit of the children, pay any cost of including them on wife's medical insurance when such insurance becomes available to her through her employment (the parties share the children's medical and dental expenses equally), pay $7,543 in marital debts (including delinquent federal and state income taxes) and pay $1,500 of wife's attorney fees.

Wife estimates that the *children's* needs are $1,325 monthly. Husband did not seriously contest her estimate. At trial, he proposed paying $125 monthly for the support of each child. He contended on reconsideration and in this court that $200 monthly per child would make it impossible for him to pay his child and spousal support obligations, satisfy the marital debts and provide for his own basic needs. At the hearing on husband's motion for reconsideration, the trial court stated, in relevant part:

"I was hoping there might be some collateral support coming in from outside areas. But I don't think that is possible. But I have got to cut that down."

Prior to trial, the family lived in the upstairs portion of a house owned by husband's mother. Husband's law office is located in the lower portion of the house. Wife argues here

---

[1] *See Schmidling v. Dove,* 65 Or App 1, 670 P2d 166 (1983).

that husband has no actual expense for housing, because he occupies the house rent-free. The record is not clear on this point. It does show, however, that there is no written agreement between husband and his mother as to how much rent, if any, he has to pay her for his use of the house as his office and residence. His mother pays the utilities, taxes and insurance on the house, and apparently he may rent space to third parties. He contends that the parties have paid his mother rent ever since they occupied the house and that there always has been a division of the rent between the residence and his office. However, at trial husband testified that the parties owed his mother about $8,800 in delinquent rent payments.

In fashioning dissolution decrees, the first objective is to make adequate provision for the support of the children. *Watters and Watters,* 47 Or App 483, 485, 614 P2d 589 (1980). We may not award an amount that either exceeds the contributing spouse's ability to pay or precludes his ability to support himself. *Hockema v. Hockema,* 18 Or App 273, 276, 524 P2d 1238 (1974).

In *Smith v. Smith,* 290 Or 675, 684, 626 P2d 342 (1981), the Supreme Court gave some guidance for determining a proper amount of child support when both parties have income. A mechanical application of the *Smith* formula here would require husband to pay more than the $200 monthly support *wife requests* for each child.[2] *Smith* also states, however:

> "Once the calculation is complete, the ultimate decision as to the amount of child support is tempered by the court's consideration of circumstances such as the following:
>
> "1. the interrelationship of child support with the division of property and spousal support;
>
> "2. the indirect forms of child support, including payments for medical care, life insurance in the child's name on the parents' life, a trust for the child's education, insurance for hospital, medical or dental expenses and so forth;
>
> " * * * * *

---

[2] $\dfrac{\$1,460 \text{ monthly}}{\$1,810 \text{ monthly}} \times \$1,325 = \$1,073 \div 4 = \$268.25$ per child

"6. the special hardships of each parent." 290 Or at 685.
(Footnotes omitted.)

In addition to child support, husband must pay monthly $30 for life insurance and $100 spousal support. He must also pay $7,543 in marital debts and $1500 of wife's attorney fees. Additionally, when wife becomes employed, he must pay any cost of including the children on her medical insurance. On *de novo* review, we conclude that a mechanical application of the *Smith* formula would not be equitable here. Rather, we conclude that $200 monthly per child is "just and proper." *See Vanderzanden and Vanderzanden,* 51 Or App 757, 759, 627 P2d 18 (1981).

■ Wife also assigns as error the provision in the decree requiring that permanent spousal support be "reexamined in May, 1983." We find no authority for such a provision. It is a nullity. *See* ORS 107.135; *see also Slauson and Slauson,* 29 Or App 177, 182, 562 P2d 604 (1977).

Decree modified to award $200 monthly support for each child; affirmed as modified. Costs to appellant.