Argued and submitted November 24, 1986, affirmed as modified May 6, 1987

In the Matter of the Marriage of

MARTIN,
*Respondent,*
*and*

IVES,
*Appellant.*

(D8504-62442; CA A38238)

736 P2d 613

Bernard N. Merrill, Portland, argued the cause and filed the brief for appellant.

Kenneth H. Fox, Portland, argued the cause for respondent. On the brief were O'Donnell, Ramis, Elliott & Crew, and Stephen F. Crew, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Father appeals from the judgment in a dissolution of marriage. The trial court awarded, as child support, two-thirds of any unemployment benefits awarded to father. He contends that that is excessive and speculative. We modify the award.

The parties were married in 1982. They have two children who, at the time of trial, were four and one. Father, 32, has a bachelor's degree in criminology. He had been working as a finance and insurance manager, earning approximately $30,000 per year. However, five days before the dissolution trial began, he was fired from his job due to poor performance. His treating psychologist testified that the poor performance was due to "severe agitation-depression" associated with the divorce and recommended that father receive psychiatric care. He was offered the possibility of a demoted position at the company to commence six months after his termination.

Mother, 29, was not working at the time of trial. She had worked as a legal assistant, in advertising and in retail shops. She was fired from her most recent job due to conflicts between the job and child care. At the time of trial, she had completed three years of college and intended to complete a degree in English and education, allowing her to teach high school English. Both parties are in good physical health.

Mother was awarded custody of both children, but was not awarded spousal support. The court concluded that father would probably be entitled to $211 per week in unemployment benefits and, on that basis, held that if he were to receive unemployment benefits he should pay two-thirds to mother as child support.

Father first argues that the award is speculative. He relies on decisions of this court which hold that it is impermissible to set child support on the basis of expected, but uncertain, future events, such as an increase in income or unemployment. He is correct that we have held that the proper procedure for adjustments in support is modification based upon change of circumstances after the judgment. ORS 107.135(1)(a). As we noted in *Rice and Rice,* 60 Or App 95, 99, 652 P2d 877 (1982):

"A support or modification order must be based on the

evidence as it exists on the date it is entered. An order based on economic or financial considerations not in evidence is improper."

■ However, under the circumstances of this case, the court's award was proper. Neither party had any income at the time of trial. Father testified that he thought that he would be eligible for unemployment compensation.[1] Unlike the facts in the cases relied upon by father, he is not obligated to make support payments unless he is receiving income, including unemployment benefits. The court's action was proper and, in view of the limited resources of the parties, in the best interests of both parties and the children.

■ Father next contends that the award of two-thirds of his unemployment benefits as child support is excessive. We agree. The basic guidelines for establishing the amount of child support in a particular case were set out in *Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981). However, the *Smith* formula is inappropriate if one parent does not have income. *See Vanderzanden and Vanderzanden,* 51 Or App 757, 759, 627 P2d 18 (1981).

■■ In this case, the award was not "just and proper." ORS 107.105. The amount of support awarded must not preclude father's ability to support himself. *Watters and Watters,* 47 Or App 483, 614 P2d 589 (1980). Assuming that father receives $850 per month in unemployment benefits, to require him to pay $560 of that for child support would not leave him with an income adequate to support himself. Mother is young and healthy and has education and work experience. She is obligated to provide some financial contribution to the support of the children. Father must not be required to bear more than his fair share of the burden.

Judgment modified to require father to pay, as child support, one-half of any unemployment benefits received; otherwise affirmed. No costs to either party.

---

[1] *See Klock and Klock,* 83 Or App 656, 733 P2d 65 (1987) (permissible, in setting spousal support, to take into account current unemployment compensation income, as well as strong likelihood that husband would regain job in near future).