Argued and submitted May 8, affirmed December 30, 2015

In the Matter of the Marriage of

Wendi Rae CARLETON,
*Petitioner-Appellant,*
*and*

Gregory George CARLETON,
*Respondent-Respondent.*

Klamath County Circuit Court
1000803CV; A154079

366 P3d 365

Melisa A. Button argued the cause for appellant. With her on the opening brief were Stefanie L. Burke and Hornecker Cowling LLP. On the reply brief were Ryan Kulback and Hornecker Cowling LLP.

Marcus M. Henderson argued the cause for respondent. With him on the brief was Aspell Henderson & Associates.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

In this dissolution of marriage action, the trial court awarded $1,002 in monthly child support to wife and denied wife's request for an award of spousal support. Wife appeals the trial court's general judgment of dissolution, assigning error to the trial court's failure to (1) include the accelerated depreciation expensed by husband's partnership in determining husband's "actual income" for purposes of calculating child support, as required by a provision in the Oregon Child Support Guidelines, and (2) award spousal support to wife as a result of the trial court's erroneous determination of husband's income. In short, wife argues that husband's "actual income" consisted of "one-third of partnership income including all accelerated depreciation." In response, husband argues that the trial court followed the guidelines, the court's findings are supported by the evidence, and the trial court did not abuse its discretion in denying wife's request for spousal support. We conclude that the trial court did not err in calculating husband's actual income, because it applied the formula in the guidelines for determining husband's child support obligation. In view of our resolution of the first assignment of error, we reject wife's second assignment as well. Accordingly, we affirm the dissolution judgment.

At the outset, we address the scope of our review. Wife does not seek *de novo* review, and, perceiving no reason to exercise our discretion to review the facts *de novo* under ORS 19.415(3)(b), we decline to do that. Accordingly, "we are bound by the trial court's express and implicit factual findings if they are supported by any evidence in the record." *Andersen and Andersen*, 258 Or App 568, 570, 310 P3d 1171 (2013) (internal quotation marks omitted). Child support calculations are governed by the guidelines, OAR 137-050-0700 to 137-050-0765. Whether a trial court has complied with the guidelines is a question of law, which we review for errors of law. *McMurchie and McMurchie*, 256 Or App 712, 721, 304 P3d 751 (2013); *see also Gilmore and Ambrose*, 258 Or App 747, 748, 311 P3d 970 (2013) (when we do not review *de novo* in a child support case, "we review the trial court's decision for legal error and state the facts consistently with those found by the trial court to the extent

that there is evidence to support them" (internal quotation marks omitted)).

After the 2012 dissolution trial, the court issued a letter opinion. We take the facts relevant to the award of child support and denial of spousal support—facts that the parties do not challenge on appeal—from that opinion, supplemented as necessary with uncontroverted information from the record.

Wife and husband were married for 27 years and had three children together. Wife petitioned for dissolution, seeking, among other things, child support in accordance with the guidelines and "transitional spousal support, compensatory spousal support, and spousal maintenance, in a reasonable amount, indefinitely." After a trial, the court ordered husband to pay $1,002 in monthly child support for the minor child and the child attending school. The court did not award spousal support to either party.

The court's award of child support and denial of spousal support were based on wife's and husband's income. At the time of dissolution, wife was employed as a schoolteacher earning a gross monthly salary of $4,200. Husband's income was heavily disputed, in part, because husband is a farmer whose income is derived from his one-third ownership interest in a partnership, Carleton Farms.

A provision of the guidelines concerning actual income addresses income from joint ownership of a partnership. That provision, OAR 137-050-0715(4)(f), provides:

"Actual income includes but is not limited to:

"* * * * *

"(f)   Income from self-employment, * * * or joint ownership of a partnership * * * minus costs of goods sold, minus ordinary and necessary expenses required for self-employment or business operation, including one-half of the parent's self-employment tax, if applicable. *Specifically excluded from ordinary and necessary expenses are amounts allowable by the Internal Revenue Service for the accelerated component of depreciation expenses,* * * * or any other business expenses determined by the fact finder to be inappropriate or excessive for determining gross income."

(Emphasis added.) At the dissolution trial, wife argued that, to calculate husband's income for purposes of determining husband's child support obligation and determining whether to award spousal support, the trial court should add the depreciation deductions taken by the partnership in the relevant tax years back into the partnership income and, with the depreciation deduction added back in, impute one-third of the partnership's income to husband's income.

Whether the trial court was required to include the partnership's depreciation expenses in its determination of husband's income was addressed at the dissolution trial by two accountants and during closing arguments. Both parties put on evidence demonstrating that, in the three years before trial—2011, 2010, and 2009—the partnership had reported depreciation and claimed depreciation deductions. Wife offered the partnership's tax forms, Form 4562, for those three years, which the court admitted into evidence. Form 4562 for 2011 indicated that the partnership had reported ordinary business income of $70,044 and $231,992 in total depreciation expense, all of which was "MACRS Depreciation" using the 150 percent declining balance method (150DB). Form 4562 for 2010 indicated that the partnership had reported an ordinary business loss of $74,274 and $193,237 in total depreciation expense, all of which was "MACRS Depreciation" using the 150DB method. Finally, Form 4562 for 2009 indicated that the partnership had reported an ordinary business loss of $7,099 and $215,780 in total depreciation expense, all of which was "MACRS Depreciation" using the 150DB method. The tax forms did not include definitions of accelerated depreciation or of MACRS depreciation.

Each party called an accountant to testify, and each addressed depreciation and the partnership's tax forms. However, neither accountant described the partnership's depreciation as accelerated depreciation. At no point did either accountant explain the terms "accelerated depreciation" or "MACRS depreciation."

Instead, the accountants discussed depreciation only in general terms. One accountant, Fanning, wife's witness, testified that "when calculating cash flow of an entity

depreciation is added back to ordinary income reflected on the tax return." Therefore, for the partnership's tax return for 2011, Fanning would add the $231,992 depreciation expense and the partnership's $70,000 in ordinary business income to reflect the partnership's cash flow.

Although the testimony of Gilman, the partnership's long-time accountant, varied from Fanning's testimony, he also did not address whether the partnership's depreciation deductions, as indicated on the partnership's tax forms, consisted of accelerated depreciation. For example, Gilman referred to the $231,992 depreciation expense in 2011 as "normal depreciation" and "regular depreciation." When the court asked Gilman whether he agreed with the proposition that the partnership's income was in reality much higher when factoring in the partnership's depreciation expense, Gilman disagreed.

During closing arguments, neither party described the partnership's depreciation as accelerated depreciation. Wife's argument addressed only the issue of whether depreciation is added back into income for purposes of calculating child support and spousal support. On the issue of child support, wife's counsel argued:

> "The OARs are clear, depreciation is included in income for purposes of calculating child support. There's case law that states that depreciation is included as income, and *[Spillane and] Spillane*, is the most recent case, which is 249 Or App 50[, 275 P3d 974, *rev den*, 352 Or 564] (2012), that addresses depreciation being added back in as income.

> "If you average the depreciation, it's $200,000 for the past two years, [husband's] share of $70,000 is attributable to him for purposes of [defining] child support. There's no doubt legally that that needs to be added back in for the OARs."

Regarding spousal support, wife's counsel also argued that the court should add back depreciation as income to arrive at husband's income. Although wife's closing argument conveyed her position that husband's income was significantly higher than the amount he presented, wife did not explain to the court what portion of the partnership's depreciation was accelerated depreciation that had to be considered as partnership income.

In his closing argument, husband's counsel did not clarify that fact for the trial court. Regarding child support, husband focused on his disagreement with wife's contention that the partnership's depreciation expenses were imputed to husband because, according to him, he had never taken depreciation on his personal income tax returns. Regarding spousal support, husband again disagreed with wife that the partnership's depreciation expenses should be imputed to him; therefore, husband argued, his income was roughly the same as wife's income. And, because the parties' incomes were relatively equal, he urged the court not to award wife spousal support.

The trial court determined that husband's monthly income was $5,000. The court arrived at that figure after tallying up husband's earnings, all of which derived from, or were associated with, the partnership. Regarding whether the partnership's depreciation expense should be added back into the partnership's income to arrive at husband's income, the court noted that "the testimony of the two accountants was insufficiently precise to allow the Court to find that husband's income is 1/3 of approximately $300,000.00 (70K in income + 232K in depreciation)." The court also noted that it did not "know what portion of the depreciation is accelerated" and that it was "inappropriate for the Court to guess."

Based on its determination of husband's income, the trial court awarded wife $1,002 in monthly child support, half to be paid directly to the child attending college. The court did not award spousal support. The court requested that husband prepare a general judgment consistent with the rulings contained in its letter opinion.

Wife provided written objections to husband's proposed form of the judgment. Wife did not attempt to clarify that the partnership's MACRS depreciation was in fact accelerated depreciation, despite the court's uncertainty about the amount of the partnership's accelerated depreciation, as it expressed in its letter opinion. At the hearing on wife's objections, the issue of depreciation was not discussed.

Shortly after the court entered the judgment, wife filed a motion to set aside the judgment and for a new trial.

Although wife asserted in her motion that "the court failed to include depreciation of the farm for purposes of figuring [husband's] gross monthly income for purposes of child support and spousal support," again, wife did not explain what portion of the partnership's depreciation was accelerated depreciation. The trial court denied wife's motion.

On appeal, wife argues that the trial court erred in failing to include the accelerated depreciation expensed by the partnership in determining husband's income for the purpose of calculating child support and in determining whether to award spousal support. As directed by ORS 25.275(1), the Division of Child Support has established a formula for determining child support awards set out in the guidelines. The trial court was required to calculate husband's child support obligation by using the formula established pursuant to ORS 25.275. ORS 107.105(1)(c).

To calculate the child support amount, the trial court must determine each parent's income as provided in OAR 137-050-0715. OAR 137-050-0710. "'Income'" is defined as "the actual or potential gross income of a parent as determined in this rule." OAR 137-050-0715(1). The parties disputed husband's "'actual income,'" which is defined, with exceptions not relevant here, as "a parent's gross earnings and income from any source." OAR 137-050-0715(2). As noted earlier, the parties specifically disputed husband's income from his one-third interest in the partnership, which is addressed in OAR 137-050-0715(4)(f). That rule provides that actual income includes, but is not limited to, "[i]ncome from self-employment, * * * or joint ownership of a partnership, * * * minus costs of goods sold." *Id.* Excluded from income are "ordinary and necessary expenses required for self-employment or business operation." *Id.* However, "[s]pecifically excluded from ordinary and necessary expenses" are amounts allowable by the IRS for "the accelerated component of depreciation expenses." *Id.*

In her first assignment of error, wife contends that the trial court failed to properly apply the formula set forth in the guidelines because the court did not include as partnership income the accelerated depreciation reported by the partnership, in accordance with OAR 137-050-0715(4)(f). In response, husband argues that the trial court followed

the guidelines and that the trial court's findings are supported by the evidence. We agree with husband.

Wife's argument fails given the record. First, the record reflects that the trial court correctly understood the formula. In its letter opinion, the trial court stated that the evidence was insufficient for it to find that husband's income was one-third of the partnership's income when all claimed depreciation was added back. Referencing the testimony of the partnership's accountant and OAR 137-050-0715, the court stated that it did not "know what portion of the depreciation is accelerated" and that it was "inappropriate for the Court to guess." The court's statement demonstrates that it understood that, for the purpose of calculating child support, the court was required to add back accelerated depreciation into the partnership's income to arrive at husband's income.

In addition, because the evidence was insufficient, the trial court could not find what portions of the partnership's depreciation deductions in the relevant tax years were for accelerated depreciation. The record supports the court's determination that the amount of the partnership's accelerated depreciation was not established. At no point in the dissolution proceedings did either party clarify for the court how much of the partnership's depreciation deductions were for accelerated depreciation. Although wife submitted partnership tax forms indicating that the partnership had reported "MACRS depreciation," she did so without explaining or providing evidence concerning what that meant.

In short, the trial court did not commit legal error. Its decision comports with the guidelines, and we are bound by the trial court's findings because they are supported by the evidence in the record. *Kaptur and Kaptur*, 256 Or App 591, 596 n 2, 302 P3d 819 (2013).

We turn to wife's second assignment of error, in which she challenges the denial of an award of spousal support to her. Wife's challenge rests on the same argument that we rejected above. In view of our resolution of the first assignment of error, we reject wife's second assignment as well.

Affirmed.