TOOKEY, J.
*767 Wife appeals from a judgment of dissolution, raising several assignments of error. We write only to set forth our conclusion that the trial court erred in determining husband's income for purposes of child support. We reverse that portion of the judgment and remand for reconsideration of the award of child support only, and otherwise affirm.
The parties were married for six years and have three daughters, ages five, three, and one. Husband is the owner of a business that he started before the marriage and that grew significantly during the marriage. Husband's income is a monthly draw from the business that varies from month to month. Husband's expert testified that husband has no "fixed" income and that reasonable annual compensation from the business for an individual in husband's position would be $300,000. Based on that hypothetical compensation and some additional investment income, on his Uniform Support Affidavit, husband reported a monthly income from all sources of $27,368.92. Husband's proposed findings stated that husband's monthly income was $39,868.[1] However, state and federal income *234 tax filings for husband suggest a much higher income. Wife's proposed findings stated that husband's monthly income was $160,995, based on an estimated annual income from the business of approximately $2,000,000. The trial court adopted husband's proposed income figure without explanation and set child support accordingly.
On appeal, wife contends that, for purposes of child support, husband's income is to be determined under the Child Support Guidelines, ORS 25.270, which require consideration of husband's income from all sources, and that the trial court erred in not basing child support on husband's actual income as reflected in his tax returns. We review the trial court's determination of husband's child support obligation under the child support guidelines for legal error. Carleton and Carleton , 275 Or. App. 860, 861, 366 P.3d 365 (2015).
*768 For purposes of calculating child support, OAR 137-050-0710 requires a determination of each parent's income, as provided in ORS 137-050-0715. OAR 137-050-0715, in turn, defines "income" as follows:
"(1) 'Income' means the actual or potential gross income of a parent as determined in this rule. Actual and potential income may be combined when a parent has actual income and is unemployed or employed at less than the parent's potential.
"(2) 'Actual income' means a parent's gross earnings and income from any source, including those sources listed in section (4), except as provided in section (5).
" * * * * *
"(4) Actual income includes but is not limited to:
"(a) Employment-related income including salaries, wages, commissions, advances, bonuses, dividends, recurring overtime pay, severance pay, pensions, and honoraria;
"(b) Expense reimbursements, allowances, or in-kind payments to a parent, to the extent they reduce personal living expenses;
"(c) Annuities, trust income, including distribution of trust assets, and return on capital, such as interest and dividends;
"(d) Income replacement benefit payments including Social Security benefits, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, and Department of Veterans Affairs disability benefits;
"(e) Inheritances, gifts and prizes, including lottery winnings; and
"(f) Income from self-employment, rent, royalties, proprietorship of a business, or joint ownership of a partnership or closely held corporation, minus costs of goods sold, minus ordinary and necessary expenses required for self-employment or business operation, including one-half of the parent's self-employment tax, if applicable. Specifically excluded from ordinary and necessary expenses are amounts allowable by the Internal Revenue Service for the accelerated component of depreciation expenses, *769 investment tax credits, or any other business expenses determined by the fact finder to be inappropriate or excessive for determining gross income."
In calculating husband's income for purposes of child support, it does not appear that the trial court considered husband's "actual income" as specified in OAR 137-050-0715(4). Rather, the court appears to have adopted husband's proposed finding of income based on husband's expert's assumption of a reasonable salary for a person in husband's position. That was error. We have considered and reject wife's remaining assignments of error without discussion.
Award of child support reversed and remanded for reconsideration; otherwise affirmed.

Husband contends that the figure in the proposed findings was an error and that the correct monthly income is $27,368.92.